Case 2:24-cv-01607-DC-DMC   Document 27   Filed 06/20/25   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION, et al.,<br><br>    Defendants. | No. 2:24-CV-1607-DC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 20.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1  entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,
2  concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
3  Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice
4  of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,
5  1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity
6  overt acts by specific defendants which support the claims, vague and conclusory allegations fail
7  to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening
8  required by law when the allegations are vague and conclusory.

9  Plaintiff, who is in the custody of the California Department of Corrections and
10 Rehabilitation (CDCR), names the following as Defendants: (1) California Department of
11 Corrections (presumably referring to CDCR); (2) Zachary Lujan; and (3) Phillip Tabor. See ECF
12 No. 20, pg. 1. Defendants Lujan and Tabor are both correctional officers.[1] See id. Plaintiff
13 alleges that, on June 4, 2022, during a cell extraction, Defendant Lujan punched Plaintiff several
14 times and that Defendant Tabor hit Plaintiff with a baton several times. See id. Plaintiff claims
15 that the use of force was excessive, in violation of department policy and procedures. See id.

16 The Court finds that Plaintiff has stated cognizable Eighth Amendment excessive
17 force claims against Defendants Lujan and Tabor and, by separate order, will direct service on
18 these individuals. The Court, however, finds that Plaintiff cannot proceed against Defendant
19 "California Department of Correction," presumably referring to CDCR. The Eleventh
20 Amendment prohibits federal courts from hearing suits brought against a state both by its own
21 citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop.,
22 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves,
23 and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)
24 (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible
25 for incarceration and correction of prisoners is a state agency for purposes of the Eleventh

---

[1] While not specified in the first amended complaint, in the original complaint, Plaintiff states that the individual defendants are correctional officers at California State Prison – Sacramento. See ECF No. 1.

1  Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993

2  F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

3        Here, the California Department of Corrections and Rehabilitation, erroneously

4  sued as "California Department of Correction" – is the state agency responsible for incarceration

5  and correction and, as such, is immune from suit under the Eleventh Amendment.

6        Based on the foregoing, the undersigned recommends that Defendant "California

7  Department of Correction" be dismissed with prejudice.

8        These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10  after being served with these findings and recommendations, any party may file written objections

11  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

12  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

13  Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  Dated:  June 18, 2025

16                                       _____

                                      DENNIS M. COTA

17                                       UNITED STATES MAGISTRATE JUDGE