IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HILL, | No. 2:24-CV-1607-DC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTION, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to stay proceedings. See ECF No. 33.

Plaintiff has filed parallel lawsuits arising from a cell extraction occurring on June 4, 2022. In addition to the instant federal action, Plaintiff filed a case in the Sacramento County Superior Court alleging the same facts and naming the same defendants. See Hill v. California Department of Corrections and Rehabilitation, et al., Sacramento County Superior Court Case No. 24CV010562 (state court action); see also Def. Req. Jud. Not., ECF No. 33-1.[1] The state

---

[1] **Error! Main Document Only.**The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this Court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1

1  court action was filed on May 29, 2024.  See id.  The instant federal action was filed on June 4,
2  2024.  See ECF No. 1.

3        When a parallel state court action has been filed alleging the same facts as in a
4  concurrent federal court action, the district court may dismiss or stay the federal action.  See
5  Colorado River Water Conservation Dist. V. United States, 424 U.S. 800 (1976).  The Ninth
6  Circuit had held that, when the Colorado River doctrine applies, the district court should stay,
7  rather than dismiss, the federal action.  See Coopers & Lybrand v. Sun-Diamond Growers, 912
8  F.2d 1135, 1138 (1990).  In assessing whether Colorado River applies, the district court should
9  consider eight factors as follows: (1) which court first assumed jurisdiction over any property at
10 stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4)
11 the order in which the forums obtained jurisdiction; (5) whether federal law or state law provided
12 the rule of decision on the merits; (6) whether the state court proceedings can adequately protect
13 the rights of the federal litigant; (7) the desire to avoid forum shopping; and (8) whether the state
14 court proceedings will resolve all issues before the federal court.  See R.R. St. & Co. v. Transp.
15 Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011).

16       Here, the first two factors are inapplicable because, first, no property is at stake
17 and, second, there is no inconvenience associated with the federal forum given that both this court
18 and the Sacramento County Superior Court are within the same geographic area.  The third factor
19 of avoid piecemeal litigation weighs in favor of a stay because of the danger of this court and the
20 state court duplicating efforts and reaching different results.  The fourth factor also weighs in
21 favor of a stay because the state court action was filed before the instant federal action.  The fifth
22 factor is neutral because both the state court and this court can hear and decide the issues
23 presented and the state court has concurrent jurisdiction over any federal law claims presented in
24 the two cases.  For this same latter reason, the sixth factor favors a stay because the state court
25 can hear and decide any federal issues presented.  Though Defendants argue that the seventh
26 factor weighs in favor of a stay because "Plaintiff clearly is forum shopping by asserting the same
27 claims against the same defendants based on the same events in different courts," ECF No. 33,
28 pgs. 6, the Court concludes that there is likely no ill intent in Plaintiff's successive filings.

Rather, given that Plaintiff is proceeding in both actions pro se, the duplicative cases may simply be the result of Plaintiff's lack of legal training and a desire to make sure his case is heard. Thus, the Court concludes the seventh factor is also neutral. The eighth factor weighs in favor of a stay because the state court is capable of resolving all claims presented, whether they be state law claims or federal claims.

Having considered the Colorado River factors, the Court finds that a stay of the instant federal action pending resolution of the state court action is warranted. The Court will direct Defendants to file periodic reports on the status of the state court action.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' unopposed motion for a stay of federal proceedings pursuant to Colorado River is GRANTED.

2. This action is stayed pending resolution of the parallel Sacramento County Superior Court action.

3. Defendants shall file a status report within 90 days and every 90 days thereafter until the state court action is concluded.

Dated: December 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3